Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO<br><br>Apelada<br><br>v.<br><br>PEDRO DIAZ ECHEVARRIA Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA CON LAURA E. SANTIAGO BERRIOS Y OTROS<br><br>Apelante | KLAN202300728 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV02403<br><br>Sobre: Cobro de Dinero Ordinario y otros |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de enero de 2024.

I.

El 4 de mayo de 2023, FirstBank Puerto Rico (FirstBank) instó *Demanda* sobre cobro de dinero y ejecución de hipoteca contra el Sr. Pedro Díaz Echevarría, la Sra. Laura E. Santiago y la Sociedad de Bienes Gananciales que ambos componen (matrimonio Díaz-Santiago). En su *Demanda,* FirstBank alegó que el matrimonio Díaz-Santiago había constituido un Pagaré Hipotecario por la suma principal de $243,508.00 a la orden de FirstBank con intereses al 3¼% anual. Además, sostuvo que, dicho Pagaré quedó garantizado con una Hipoteca constituida mediante la Escritura #170 ante el Notario Público José E. Franco Gómez el 29 de mayo de 2015, sobre la siguiente propiedad:

> ---**URBANA:** Solar radicado en la Urbanización Panorama Village, situado en el Barrio Cerro Gordo de la Municipalidad de Bayamón, Puerto Rico, que se describe en el Plano de Inscripción. Número del solar: Quince (15) Bloque "E", área de quinientos veintiuno punto ochocientos quince metros cuadrados (521.81 5 m.c.). En lindes por el **NOROESTE,** en una distancia de treinta y cinco metros (35.00), con el solar número catorce (14) del Bloque "E"; por el **SUROESTE,** en una

distancia de catorce punto novecientos nueve (14.909) metros con el solar número doce del Bloque "E"; por el **NORESTE,** en una distancia de catorce punto novecientos nueve (14.909) metros, con la Calle número uno (1) de dicha Urbanización; y por el **SURESTE,** en una distancia de treinta y cinco metros (35.00), con el solar número dieciséis (16) del Bloque "E". Enclava una casa de concreto para una residencia de una familia. -- -------------------------------------------------------------------

---Finca número 72,014, inscrita al folio 211 del tomo 1722 de Bayamón Sur. Registro de la Propiedad de Puerto Rico, Sección I de Bayamón. ---------------------- -------------------------------------------------------------------

Según la *Demanda,* el matrimonio Díaz-Santiago adeudaba a FirstBank la cantidad de $202,547.24 del principal al 1 de diciembre de 2022; $6,339.55 por concepto de mensualidades al 3.25% de interés anual desde el 1 de diciembre de 2022 al 28 de abril de 2023, más los cargos por demora y los honorarios de abogados pactados. Así las cosas, el 17 de mayo de 2023, se diligenciaron los emplazamientos mediante entrega personal.

Vencido el plazo establecido en ley sin que el matrimonio Díaz-Santiago compareciera, el 23 de junio de 2023, FirstBank presentó *Solicitud de Anotación de Rebeldía y Sentencia.* Adujo que, el matrimonio Díaz-Santiago no había presentado contestación a la *Demanda* ni solicitado remedio alguno con relación al caso de marras. Añadió que, la propiedad objeto de ejecución no constituía la residencia principal de los demandados, y que, al momento del diligenciamiento de los emplazamientos, el hijo de estos era quien residía la misma. Ante ello, alegó que no eran de aplicación los preceptos de la Ley Núm. 184-2012, Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal, según enmendada.[1]

El 27 de junio de 2023, notificada el 28, el Foro primario emitió *Sentencia* declarando "Con Lugar" la *Demanda* tras declarar

---
[1] 32 LPRA § 2881 *et seq.*

la rebeldía. Concluyó que, el matrimonio Díaz-Santiago no había comparecido a pesar de haber sido debidamente emplazado. A esos efectos y de conformidad con la prueba documental ofrecida, el Tribunal de Primera Instancia ordenó a pagar solidariamente al matrimonio Díaz-Santiago las cantidades adeudadas. Además, el Foro primario ordenó la venta en pública subasta del inmueble hipotecado para garantizar el pago de dicha deuda.

El 11 de julio de 2023, el matrimonio Díaz-Santiago instó *Moción de Reconsideración*. Indicó que su incomparecencia se debió a una confusión creada por FirstBank. Explicaron que ambos son personas mayores de edad, y que, una vez emplazados se comunicaron directamente con la institución bancaria de FirstBank y dialogaron sobre alternativas para evitar la continuación del pleito. A esos efectos, recibieron un balance de reinstalación con fecha límite y comenzaron a disputar dicho balance hasta llegar a una cantidad que les pareció adecuada. Aseguran que, tenían la impresión de que estaban resolviendo la controversia extrajudicialmente.

El 11 de julio de 2023, notificada el 13, el Foro primario emitió *Orden,* concediéndole término de quince (15) días a FirstBank para que se expresara. El 14 de julio de 2023, FirstBank presentó *Moción en Cumplimiento de Orden y en Oposición a Reconsideración*. Sostuvo que, de la propia *Moción de Reconsideración* se desprendía que el matrimonio Díaz-Santiago se encontraba en incumplimiento por lo que no existía controversia alguna en el caso. El 14 de julio, notificada el 17, el Foro primario emitió *Resolución* declarando "No Ha Lugar" la *Moción de Reconsideración*.

Insatisfechos aun, el 16 de agosto de 2023, el matrimonio Díaz-Santiago acudió ante nos mediante *Apelación*. Sostienen que

el Foro primario cometió varios errores.[2] Por su parte, el 15 de septiembre de 2023, FirstBank compareció con el *Alegato de la Parte Apelada*. Estando el *Recurso* pendiente, el 29 de septiembre de 2023, FirstBank presentó ante nos *Moción Informativa*. Expuso no tener interés en continuar el proceso de ejecución debido a que recientemente, el matrimonio Díaz-Santiago había efectuado el pago de las mensualidades reclamadas en atrasos. Nos solicitó el desistimiento de la presente causa de acción. Atendida su *Moción*, el 4 de octubre de 2023, emitimos *Resolución* concediéndole término de cinco (5) días al matrimonio Díaz-Santiago para que fijara su posición.

Transcurrido el término sin la comparecencia del matrimonio Díaz-Santiago, el 8 de noviembre de 2023, nuevamente emitimos *Resolución* concediéndole término de diez (10) días a estos, para que mostraran causa por la cual no debíamos desestimar el recurso por académico. Tras la incomparecencia del matrimonio Díaz-Santiago, el 12 de diciembre de 2023, le concedimos término de diez (10) días a FirstBank para que nos acreditara haber presentado ante el Tribunal de Primera Instancia una moción de desistimiento de la presente *Demanda*. A esos efectos, el 20 de diciembre de 2023, FirstBank presentó ante nos *Moción en Cumplimiento de Orden* y nos anejó la *Moción de Desistimiento y para Cancelar Aviso de Demanda* en el caso civil núm. --BY2023CV02403-- instada ante el Tribunal de Primera Instancia el 14 de diciembre de 2023.

---

[2] Primer error:
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN LEVANTANDO LA ANOTACIÓN DE REBELDÍA CONTRA LOS DEMANDADOS QUIENES EXPLICARON LA JUSTA CAUSA PARA NO HABER CONTESTADO LA DEMANDA QUE SE DEBIÓ A LAS REPRESENTACIONES DEL ACREEDOR.
Segundo error:
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA DEMANDA DE EJECUCIÓN DE HIPOTECA CON UNA HIPOTECA NO REGISTRADA.

## II.

Como sabemos, la doctrina de academicidad se fundamenta en el principio constitucional de que los tribunales existen para resolver casos y controversias genuinas entre partes adversas que poseen un interés real en obtener un remedio que afecta sus relaciones jurídicas y no para emitir opiniones consultivas.[3] Dicha doctrina pretende: (1) evitar el uso innecesario de los recursos judiciales y hacer pronunciamientos autoritativos que resulten innecesarios; (2) que haya la adversidad suficiente para que las controversias se presenten y se definan de manera competente y vigorosa; y, (3) evitar precedentes innecesarios.[4] Así pues, la doctrina de academicidad es una de autolimitación.

Una controversia adolece de academicidad cuando no existe una controversia real o viva entre las partes, debido a modificaciones acaecidas en los hechos o en el derecho, cuyo efecto anula los efectos prácticos que tendría un dictamen judicial sobre la controversia.[5] Cuando ocurren cambios durante el trámite judicial que provocan que la controversia planteada pierda actualidad, la misma se torna académica.[6] Ello debido a que el remedio solicitado ante el tribunal no tendría ningún efecto sobre la controversia.[7]

Una vez se establece que un pleito es académico, los tribunales deben abstenerse de considerarlo en sus méritos.[8] De conformidad con ello, la Regla 83(B)(5) de nuestro Reglamento, autoriza desestimar un recurso cuando este se ha tornado en académico.[9]

---

[3] *Super Asphalt Pavement, Corp.* v. *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico,* 206 DPR 803, 815 (2021); *U.P.R.* v. *Laborde Torres y otros,* 180 DPR 253, 280-281 (2010)*; E.L.A.* v. *Aguayo,* 80 DPR 552, 558-559 (1958).
[4] *Torres Santiago* v. *Depto. Justicia,* 181 DPR 969, 982 (2011).
[5] *Asoc. Fotoperiodistas* v. *Rivera Schatz,* 180 DPR 920, 967 (2011).
[6] *Super Asphalt Pavement, Corp.,* 206 DPR, pág. 816.
[7] *Noriega* v. *Hernández,* 135 DPR 406 (1995); *Asoc. de Periodistas* v. *González,* 127 DPR 704 (1991); *El Vocero* v. *Junta de Planificación,* 121 DPR 115 (1988).
[8] *Super Asphalt Pavement, Corp.,* 206 DPR, pág. 816; *Misión Industrial* v. *Junta de Planificación,* 146 DPR 64 (1998); *Asoc. de Periodistas,* 127 DPR.
[9] 4 LPRA Ap. XXII-B, R. 83.

III.

Como relacionamos previamente, el 16 de agosto de 2023, **el matrimonio Díaz-Santiago acudió** ante nos para que dejáramos sin efecto la *Sentencia* en rebeldía emitida por el Foro primario. Durante el transcurso del plazo para perfeccionar el recurso, el 29 de septiembre de 2023, FirstBank nos informó que el matrimonio Díaz-Santiago había efectuado el pago adeudado por lo que no interesaban continuar con el proceso de ejecución. De hecho, el 20 de diciembre de 2023, FirstBank presentó ante el Tribunal de Primera Instancia *Moción de Desistimiento y para Cancelar Aviso de Demanda* en el caso civil núm. --BY2023CV02403--. Habiendo dejado de existir la controversia que originó el presente recurso, el mismo se ha tornado académico. Procede su *desestimación.*

IV.

Por los fundamentos antes expuestos se *desestima* el Recurso por haberse tornado académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones